UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LENNON HUGHES,

                                      Petitioner,          04-CV-4383
                                                                  (SJF) (WDW)

        - against -                                        **Opinion & Order**

THE PEOPLE OF THE STATE OF NEW YORK

                                      Respondent,
-----------------------------------------------------------X

FEUERSTEIN, J.

I.      Introduction

On May 17, 2002, petitioner Lennon Hughes (petitioner) was convicted in Supreme Court, Suffolk County of one count of sexual abuse in the first degree and one count of endangering the welfare of a child. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds of insufficiency of the evidence and prosecutorial and judicial misconduct. For the reasons set forth below, the petition is denied and the proceeding is dismissed.

II.     Background

     A.     Factual Background[1]

---

[1] The facts are taken from the transcripts of the trial proceedings in the state court. Citations are to the transcript of the trial proceedings held on April 10, 2002, unless otherwise indicated.

1

On September 3, 2001, at approximately 10:00 p.m., Destiny B. (Destiny), who was then ten years old, fell asleep on a vinyl recliner chair in the living room of the house of her uncle Eduin Lopez (Lopez) and aunt Cynthia Massenberg (Massenberg). (Transcript [T.] at 26).

At approximately 11:00 p.m., petitioner arrived at the house and spoke with Lopez. When Lopez offered to drive petitioner home, petitioner suggested that he spend the night. Lopez agreed and left petitioner in the living room, with other people, to sleep near the entertainment center. (T. at 92).

Destiny testified that she was awakened at 1:00 a.m. by petitioner touching her leg and buttocks, and that he put his finger in her rectum. (T. at 36-56). Destiny further testified that when she tried to move from the chair, petitioner held her down. (Id.). According to Destiny, when she was finally able to push petitioner's hand away, she got up from the couch, and told her sister, Dawn, what happened. (Id.). Dawn informed Lopez and Massenberg of the incident. (4/11/02 T. at 42-50).

Lopez testified that when he walked into the living room to confront petitioner, he found that petitioner had moved from the area near the entertainment center to the area immediately next to the recliner where Destiny had been sleeping. (T. at 95). Lopez told petitioner to leave the house and called the police. (T. at 96).

2

B.  Procedural History

On May 17, 2002, petitioner was convicted in Supreme Court, Suffolk County, of one count of sexual abuse in the first degree and one count of endangering the welfare of a child, after a non-jury trial, and was sentenced to concurrent determinate terms of imprisonment of five years for the conviction of sexual abuse and one year for the conviction of endangering a child. (Transcript of Sentencing, at 15). On April 26, 2004, the New York State Appellate Division, Second Judicial Department, affirmed the judgment of conviction, finding, *inter alia*, that the evidence was legally and factually sufficient. People v. Hughes, 6 A.D.3d 725, 775 N.Y.S.2d 189 (2d Dept. 2004). On July 1, 2004, the New York State Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's order. People v. Hughes, 3 N.Y.3d 659, 782 N.Y.S.2d 701, 816 N.E.2d 574 (2004).

Petitioner moved in state court, pursuant to N.Y. C.P.L. §§ 440.10(1)(b), (f), and (h), for an order vacating the judgment of conviction on the grounds of (1) judicial misconduct at trial; (2) prosecutorial misconduct during the grand jury process; and (3) violations of either the state or federal constitution (the 440.10 motion). The trial court denied petitioner's motion, finding, *inter alia*, that petitioner's claims of judicial misconduct were "completely without merit." Petitioner did not move for leave to appeal the order denying his 440.10 motion.

On October 7, 2004, petitioner *pro se* filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his sentence should be vacated or reduced on the grounds that (1) the evidence was insufficient to support his conviction; (2) there was prosecutorial misconduct during the grand jury proceedings; and (3) there was judicial misconduct at the trial.

III.   Discussion

    A.   General Principles

A petitioner in custody pursuant to a judgment of a state court is entitled to federal habeas relief only if his detention violates the United States Constitution, federal law, or treaties of the United States. 28 U.S.C. § 2254(a). The objective of federal habeas review of state court convictions is to "assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." United States ex rel. Radich v. Criminal Court of City of New York, 459 F.2d 745, 748 (2d Cir. 1972).

    B.   Exhaustion Doctrine

A federal court may not grant a writ of habeas corpus "unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); see Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, L.Ed.2d 438 (1971)(holding that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his habeas corpus petition); Strogov v. Attorney General of State of New York, 191 F.3d 188, 191 (2d Cir. 1999)(accord). To meet the exhaustion requirement, a petitioner must have "apprise[d] the highest state court both of the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005), cert. denied, 125 S.Ct. 1996, 161 L.Ed.2d 868 (2005). However, notwithstanding the petitioner's failure to exhaust state court remedies, a federal court has the discretion to deny a petition on the merits. 28 U.S.C. § 2254(b)(2); see Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003).

C. Standard of Review

Pursuant to 28 U.S.C. § 2254 (d), a habeas corpus petition must be denied unless the state court's adjudication on the merits of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d). If a state court has not adjudicated the claim "on the merits," the state court's decision is not entitled to any deference and the federal court must review the state court's disposition of the federal claim *de novo*. Cotto v. Herbert, 331 F.3d 217, 230 (2d Cir. 2003).

D. Habeas Review

1. Sufficiency of the Evidence

To prevail on a legal sufficiency claim in a federal habeas petition, petitioner bears a "very heavy burden." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). The standard of review of a sufficiency claim by a federal habeas court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); see also; United States v. Pimentel, 346 F.3d 285, 295 (2d Cir. 2003), cert. denied, 125 S.Ct. 451, 160 L.Ed.2d 316 (2004). The court must draw all inferences from the evidence in favor of the prosecution and resolve all issues of credibility in favor of the fact-finder's verdict. Brock v. Donelly, No. 03 Civ. 2594, 2004 WL 895632, at * 10 (S.D.N.Y. Apr. 26, 2004)(citing United States v. Jackson, 395 F.3d 59, 65 [2d Cir. 2003]).

Petitioner claims that the evidence was legally insufficient to support his

conviction because (1) the alleged crime occurred in a crowded room, yet nobody saw or heard anything; (2) the alleged crime purportedly occurred on a vinyl chair, which would have made noise alerting the other people in the room; and (3) the quilt that Destiny used as a blanket would have needed to be removed for the alleged crime to have occurred, giving Destiny an opportunity to alert someone in the room, which she did not do. Petitioner also argues that Destiny's "excited utterance" changed a few hours after the alleged crime took place and that there was no medical evidence to support the charges.

Petitioner's trial counsel raised the very issues petitioner now raises during his summation at the trial, which the court, as trier of fact, rejected. The evidence was legally sufficient for a rational trier of fact to find petitioner guilty of sexual abuse in the first degree and endangering the welfare of a child, insofar as, *inter alia*, (1) Destiny's immediate outcry to her sister and guardians corroborates her claim; and (2) three witnesses testified that petitioner fell asleep near the entertainment center but was later found across the living room, in front of Destiny, without a reasonable explanation. Moreover, petitioner's claim that there was no medical evidence to support the charges is without merit, since there was no physical injury alleged.

On appeal, the Appellate Division, Second Department, rejected petitioner's contention that the evidence against him at trial was legally and factually insufficient. The court held that "viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a

7

reasonable doubt" and "upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence." See People v. Hughes, 6 A.D.3d 725, 775 N.Y.S.2d 189 (2d Dept. 2004). This conclusion was not based upon an unreasonable determination of the facts and is not contrary to clearly established federal law. Accordingly, petitioner's legal insufficiency claim is denied.

2. Prosecutorial Misconduct

Prosecutorial misconduct violates constitutional rights only when it is "of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (quoting United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 [1985]). The prosecutor must have engaged in "egregious misconduct * * * amount[ing] to a denial of constitutional due process." Blissett v. Lefevre, 924 F.2d 434, 440 (2d Cir. 1991)(internal quotations and citation omitted).

Claims of prosecutorial misconduct involving, *inter alia*, sufficiency of the grand jury evidence and use of misleading and prejudicial evidence during the grand jury proceedings, are not cognizable by federal habeas review. United States v. Mechanik, 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed. 2d 50 (1986); Lopez v. Riley, 865 F.2d 30, 32-33 (2d Cir.1989). A guilty verdict establishes not only that there existed probable cause

to indict the defendant, but also that the defendant was "in fact guilty as charged beyond a reasonable doubt." Mechanik, 475 U.S. at 70, 106 S.Ct. 938.

Petitioner claims that the prosecutor allowed false and misleading evidence into the grand jury proceedings, which led the grand jury to believe that the apartment layout was different than it really was and that Lopez and Massenberg had legal custody of Destiny. Since the trial court found petitioner guilty beyond a reasonable doubt, which finding was affirmed on direct appeal, his claim of prosecutorial misconduct during the grand jury proceedings is without merit and is, therefore, denied. See, e.g. Riley v. New York, 01 Civ. 8051, 2004 WL 1089121, at * 5 (S.D.N.Y. May 12, 2004)(holding that the petitioner's conviction, after a non-jury trial, rendered his grand jury claims harmless), report and recommendation adopted by 2004 WL 1335912 (S.D.N.Y. Jun. 15, 2004).

3. Judicial Misconduct

Since petitioner failed to move for leave to appeal the denial of his 440.10 motion to the Appellate Division, his claim of judicial misconduct has not been exhausted. See Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991) (holding that claims that a petitioner fails to present on direct appeal may be deemed exhausted only if the petitioner no longer has an avenue for redress in state court); Reyes v. Phillips, No. 02 Civ. 7319, 2005 WL 475544, at * 5 (S.D.N.Y. Mar. 1, 2005) (holding that failure to seek leave to appeal the denial of a 440.10 motion to the

Appellate Division constitutes failure to exhaust the claims raised in that motion). Accordingly, petitioner's judicial misconduct claim is denied.

In any event, even where I to exercise my discretion to review the merits of petitioner's judicial misconduct claim pursuant to 28 U.S.C. § 2254(b)(2), that claim would still be denied. The purported biased conduct of a trial judge during a criminal trial "would have to reach a significant extent and be adverse to the defendant to a substantial degree before the risk of either impaired functioning of the jury or lack of the appearance of a neutral judge conducting a fair trial exceeded constitutional limits." Daye v. Attorney General of State of New York, 712 F.2d 1566, 1572 (2d Cir. 1983); see also Gayle v. Scully, 779 F.2d 802, 806 (2d Cir. 1985)(holding that to prevail on a claim of judicial misconduct, the petitioner must show that the trial judge's conduct was so fundamentally unfair as to deprive him of the constitutional right to due process). "[T]he standard for establishing a federal judge's partiality, based on comments made at trial, is quite difficult for a criminal defendant to meet." Francolino v. Kuhlman, 365 F.3d 137, 143 (2d Cir. 2004). "[J]udicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Petitioner claims that the trial judge (1) made statements attacking each part of his lawyer's testimony and discrediting his lawyer's experience with troubled children; (2)

made his own excuses for answers Destiny gave over the telephone; (3) "star[ed] [him] down, red faced, hands clenched, etc.;" (4) "lost all his wit, his whole body was shaking [with anger];" and (5) "stormed out of the courtroom only to return a few seconds later and snatch his paper work in a bunch and storm back out." However, such expressions of impatience, dissatisfaction, annoyance and anger do not establish bias or partiality. See Liteky, 510 U.S. at 555, 114 S.Ct. 1147; see also Paccione v. New York, 353 F.Supp.2d 358, 368-369 (E.D.N.Y. 2005)(denying the petitioner's judicial misconduct claim based on the trial judge's expressions of criticism and exasperation at the petitioner's trial counsel). Indeed, the Second Circuit has denied habeas relief in cases with far more evidence of bias. See, e.g. Gayle, 779 F.2d at 812-813 (finding that although the trial judge's conduct, including making frequent caustic and sarcastic statements toward the petitioner and his trial counsel, questioning witnesses so as to effectively bolster the prosecution's case, and disparaging the petitioner's religion, was improper and, at times, offensive, it did not rise to the level of a constitutional violation); Johnson v. Skully, 727 F.2d 222, 226-227 (2d Cir.1984) (rejecting petitioner's claim for habeas relief, notwithstanding that it found that the trial judge's extensive questioning of witnesses, apparent disbelief of the defense, biased marshalling of evidence to the jury and frequent rebuking of the defense attorney was inappropriate and "strayed a considerable distance from the model of a neutral magistrate"). Accordingly, petitioner's claim of judicial misconduct does not reach the level of bias necessary to grant a habeas corpus petition

and is, therefore, denied.

III. Conclusion

Petitioner's application for a writ of habeas corpus is denied and the proceeding is dismissed in its entirety. Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct.1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN, U.S.D.J.

Dated: September 6, 2005